| AOC-105        Doc. Code: CI | | Case No. **13 CI 02599** |
|---|---|---|
| Rev. 1-07      05/14/2013 12:57 pm | | Court    ☑ Circuit ☐ District |
| Page 1 of 1    Ver. 1.02 | | |
| Commonwealth of Kentucky | | County   Jefferson |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | |

                                                                    **PLAINTIFF**

AMY SUE WITHAM                                    **JEFFERSON CIRCUIT COURT**
                                                 **DIVISION TWELVE (12)**


VS.

                                                                    **DEFENDANT**

INTOWN SUITES LOUISVILLE NORTHEAST LLC


Service of Process Agent for Defendant:

| CT CORPORATION SYSTEM | | |
|---|---|---|
| 306 W. MAIN STREET | | |
| SUITE 512 | | |
| FRANKFORT | Kentucky | 40601 |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

        You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____ MAY 2 0 2013 _____        DAVID L. NICHOLSON, CLERK _____ Clerk

                                          By: _____ D.C.


---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                              Served by: _____

                                         _____ Title

---

COMMONWEALTH OF KENTUCKY            JEFFERSON CIRCUIT COURT
JEFFERSON CIRCUIT COURT             DIVISION TWELVE (12)
DIVISON NO. _____
CASE NO. **13 C I 02 599**

AMY SUE WITHAM                                          PLAINTIFF

v.

INTOWN SUITES LOUISVILLE NORTHEAST LLC                 DEFENDANT

     Serve: CT Corporation System
            306 W. Main Street
            Suite 512
            Frankfort, KY 40601

## COMPLAINT

\* \* \* \* \* \* \* \* \* \* \* \*

### NATURE OF THE ACTION

This is an action for retaliation under the Kentucky Workers' Compensation Act (KRS 342.197), for disability discrimination under the Kentucky Civil Rights Act (KCRA) (KRS 344.010 et seq.), and for common-law wrongful discharge in violation of public policy.

### PARTIES

1. The Plaintiff, Amy Witham, is and has been at all times relevant hereto has been, a citizen of the Commonwealth of Kentucky, and was formerly employed by the Defendant, Intown Suites ("Intown").

2. Defendant Intown is a Georgia-based company authorized to do business in the Commonwealth of Kentucky.

1

3. Intown's place of business in Kentucky, and the site of the injuries described below, is 11405 Westport Road, Jefferson County, Louisville, KY 40241.

4. At all relevant times, Defendant has been continuously doing business in the Commonwealth of Kentucky and has continuously had at least 12 employees.

## JURISDICTION AND VENUE

5. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

6. Subject matter jurisdiction over this action exists under Section 112 of the Kentucky Constitution because the amount in controversy, excluding interest, costs and attorney's fees, exceeds the jurisdictional prerequisites of this Court, and the action is specifically authorized by KRS Chapter 342 and 344.

7. Venue is proper in the Jefferson Circuit Court because the injuries in question took place in Jefferson County.

## FACTUAL BACKGROUND

8. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

9. Plaintiff was employed by InTown from November 22, 2010, until November 26, 2012.

10. On November 19, 2012, Plaintiff was attacked and injured while on the job.

11. Plaintiff notified Mark McCracken, manager of Kentucky and Ohio for InTown, of the injury and need to file a claim for workers' compensation pursuant to Kentucky law on the day of her injury.

2

12. While the Plaintiff was at Norton Brownsboro Hospital, Mr. McCracken spoke to the Plaintiff's brother, Brian Witham, and requested information about the status of Plaintiff's injuries.

13. Mr. McCracken was informed that the Plaintiff's hand was broken and that she was getting a CT scan of her face because she was kicked.

14. Mr. McCracken asked how the Plaintiff was doing and was told that the Plaintiff's face was severely swollen and because of her broken hand she was being referred to a hand surgeon.

15. Despite having full knowledge of the injury and extent of the Plaintiff's injuries, Mr. McCracken failed to open a worker's compensation claim.

16. No one employed by InTown opened a worker's compensation claim on behalf of the Plaintiff.

17. On November 20, 2012, after learning the extent of the Plaintiff's injuries, Mr. McCracken notified the Plaintiff that she was being placed on paid administrative leave.

18. Mr. McCracken mentioned watching the video and notified the Plaintiff that her head was inches from being crushed by the perpetrator.

19. Mr. McCracken also gave his opinion and inferred that the Plaintiff brought the attack on herself by going into the lobby. He stated that she put herself in harm's way.

3

20. At approximately 9:16 am on November 26, 2012, the Plaintiff called the hand surgeon she was sent to, Dr. Gupta, and was informed that she needed to obtain a worker's compensation claim number.

21. Plaintiff called Mr. McCracken to obtain her worker's compensation number so that she could be seen at Dr. Gupta's office.

22. Mr. McCracken returned Plaintiff's call at approximately 9:48 am and notified the Plaintiff that he had failed to start a claim for her and apologized.

23. Plaintiff informed Mr. McCracken that she felt she was being treated unfairly by the company because they had not filed a claim, which was required under InTown's policy immediately after an injury is known.

24. At approximately, 11:24 am, Plaintiff called Mr. McCracken back and told him that the doctor would not see her without the claim number.  No one from InTown Suites called the Plaintiff on the 26th to give her the claim number so she could receive the medical treatment that she desperately needed.

25. At approximately 3:22 p.m., Plaintiff spoke to Mr. McCracken and Toni Jones by conference call.

26. Rather than address the Plaintiff's injuries and treatment, the Plaintiff was told that it was in the company's best interest to terminate her employment.

27. Prior to filing a claim for workers' compensation, the Plaintiff's work evaluations had been excellent.

4

28. The Plaintiff had not had any disciplinary instances throughout her employment with the company.

29. The actions taken by Defendants are clear violations of state law, including the following:

    a) Plaintiff was terminated in whole or in part because of her disability, whether that disability was real or perceived, and was otherwise qualified to perform her regular job duties, in violation of KRS 344.010 et seq.;

    b) Plaintiff was terminated in whole or in part in retaliation for having filed a worker's compensation claim, in violation of KRS 342.197;

    c) Plaintiff was terminated in whole or in part for her role in preventing crime and/or protecting her employer's property and clientele, in violation of public policy.

30. As a result of Defendants' unlawful actions, Plaintiff has suffered damages in excess of the jurisdictional minimums of this Court.

31. Under governing legal standards, Defendant is liable for the compensatory damages and the embarrassment and humiliation damages suffered by Plaintiff as a result of the actions of the Defendant.

32. Plaintiff is also entitled to injunctive relief, including but not limited to reinstatement and/or an award of prospective "front pay."

**WHEREFORE**, the Plaintiff, Amy Witham, demands judgment on her Complaint against the Defendant in an amount sufficient to invoke the jurisdiction of this Court and, in addition demands the following:

5

1. A trial by jury on all issues so triable;

2. Compensatory damages;

3. Equitable relief, including reinstatement with back and front pay and benefits;

4. For her costs herein expended including reasonable attorney's fees; and

5. Any and all other relief to which she may be properly entitled.

Respectfully submitted,

GARRY R. ADAMS
DANIEL J. CANON
CLAY DANIEL WALTON ADAMS, PLC
Meidinger Tower, Suite 101
462 S. Fourth Street
Louisville, Kentucky 40202
(502) 561-2005
garry@justiceky.com

6

No. 13-CI-02599   CIRCUIT CLERK'S OFFICE    JEFFERSON CIRCUIT COURT
                  JEFFERSON CIRCUIT COURT         DIVISION TWELVE (12)
                  2013 JUL 31  P 12: 16   JUDGE SUSAN SCHULTZ GIBSON

AMY SUE WITHAM           CLERK 6                                    PLAINTIFF

v.                              **ANSWER**

INTOWN SUITES LOUISVILLE                              DEFENDANT
NORTHEAST, LLC

                    *    *    *    *    *

      The defendant, InTown Lessee Services, LLC, misidentified in the Complaint

as InTown Suites Louisville Northeast, LLC ("InTown Suites"), by counsel, for its

Answer to the Complaint states as follows:

1.     In response to the allegations contained in paragraph 1 of the Complaint,

InTown Suites admits that Plaintiff was a former employee, and further states that

to the best of its knowledge she has been a citizen of Kentucky at all times relevant

hereto.

2.     In response to the allegations contained in paragraph 2 of the Complaint,

InTown Suites admits that it is a Delaware corporation with its principal place of

business in Atlanta, Georgia.

3.     In response to the allegations contained in paragraph 3 of the Complaint,

InTown Suites admits that one of its business is located at 11405 Westport Road,

Jefferson County, Louisville, KY 402041, and that Plaintiff worked at that location.

InTown Suites denies the remaining allegations contained in paragraph 3 of the

Complaint.

932653:2:LOUISVILLE

4.    InTown Suites admits the allegations contained in paragraph 4 of the Complaint.

5.    InTown Suites hereby incorporates by reference its responses to the allegations contained in paragraphs 1- 4 of the Complaint as if set forth fully herein.

6.    The allegations contained in paragraph 6 of the Complaint call for legal conclusions and, therefore, need not be admitted or denied.  To the extent a response is required, InTown Suites denies that it engaged in any wrongdoing or misconduct to support a cause of action against InTown Suites.

7.    The allegations contained in paragraph 7 of the Complaint call for legal conclusions and, therefore, need not be admitted or denied.  To the extent a response is required, InTown Suites denied that it engaged in any wrongdoing or misconduct to support a cause of action against InTown.

8.    InTown Suites hereby incorporates by reference its responses to the allegations contained in paragraphs 1-7 of the Complaint as if set forth fully herein.

9.    In response to the allegations contained in paragraph 9 of the Complaint, InTown Suites admits that Plaintiff was employed from November 23, 2010 through November 26, 2012.  InTown denies the remaining allegations contained in paragraph 9 of the Complaint.

10.    In response to the allegations contained in paragraph 10 of the Complaint, InTown Suites admits that Plaintiff and an individual got in to a physical

altercation on the premises on November 19, 2012.  InTown Suites denies the remaining allegations contained in paragraph 10 of the Complaint.

11.     InTown Suites admits the allegations contained in paragraph 11 of the Complaint.

12.     InTown Suites admits the allegations contained in paragraph 12 of the Complaint

13.     In response to the allegations contained in paragraph 13 of the Complaint, InTown Suites admits that Mr. McCracken was informed that Plaintiff's hand was broken and that she was getting a CT scan of her face, but lacks sufficient knowledge, information or belief to admit the allegation that she was receiving a CT scan because she was kicked.

14.     InTown Suites admits the allegations contained in paragraph 14 of the Complaint.

15.     InTown Suites denies the allegations contained in paragraph 15 of the Complaint.

16.     InTown Suites denies the allegations contained in paragraph 16 of the Complaint.

17.     In response to the allegations contained in paragraph 17 of the Complaint, InTown Suites  admits that Mr. McCraken informed Plaintiff that she was being placed on administrative leave on or about November 20, 2012, and that Mr. McCraken was aware of Plaintiff's injuries at the time he informed her she was being placed on administrative leave.  To the extent the allegations contained in

paragraph 17 imply or assert that Plaintiff was placed on administrative leave because she was injured, InTown Suites denies the allegations contained in paragraph 17 of the Complaint.

18.     In response to the allegations contained in paragraph 18 of the Complaint, InTown Suites lacks sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 18 of the Complaint and, therefore, denies the same.

19.     InTown Suites admits the allegations contained in paragraph 19 of the Complaint.

20.     In response to the allegations contained in paragraph 20 of the Complaint, InTown Suites lacks sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, denies the same.

21.     InTown Suites admits the allegations contained in paragraph 21 of the Complaint.

22.     InTown Suites denies the allegations contained in paragraph 22 of the Complaint.

23.     In response to the allegations contained in paragraph 23 of the Complaint, InTown Suites denies it treated Plaintiff unfairly, and admits the remaining allegations contained in paragraph 23 of the Complaint.

24.     In response to the allegations contained in paragraph 24 of the Complaint, InTown Suites admits that Plaintiff informed Mr. McCracken that the doctor would

not see her without the claim number, but lacks sufficient knowledge, information or belief to admit or deny the remaining allegations contained in paragraph 24 of the Complaint and, therefore, denies the same.

25.     In response to the allegations contained in paragraph 25 of the Complaint, InTown Suites admits that Mr. McCracken and Ms. Jones spoke with Plaintiff by conference call on the afternoon of November 26, 2012.

26.     InTown Suites admits the allegations contained in paragraph 26 of the Complaint.

27.     InTown Suites admits the allegations contained in paragraph 27 of the Complaint.

28.     InTown Suites admits the allegations contained in paragraph 28 of the Complaint.

29.     InTown Suites denies the allegations contained in paragraph 29 of the Complaint.

30.     InTown Suites denies the allegations contained in paragraph 30 of the Complaint.

31.     InTown Suites denies the allegations contained in paragraph 31 of the Complaint.

32.     InTown Suites denies the allegations contained in paragraph 32 of the Complaint.

### FIRST DEFENSE

The Complaint fails to state claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff was an at-will employee.

## THIRD DEFENSE

All actions taken by InTown Suites regarding Plaintiff were taken for

legitimate, nondiscriminatory reasons.

## FOURTH DEFENSE

InTown Suites is entitled to all defense, presumptions and inferences in its

favor under the Kentucky Workers' Compensation Act.

## FIFTH DEFENSE

InTown Suites is entitled to all defenses, presumptions and inferences in its

favor under the Kentucky Civil Rights Act.

## SIXTH DEFENSE

Plaintiff may have failed to mitigate her damages.

## SEVENTH DEFENSE

InTown Suites is entitled to any other relief, in law or equity, to which it may

be entitled.

## EIGHTH DEFENSE

InTown Suites reserves the right to assert all further claims or defenses,

whether affirmative or otherwise, about which it presently lacks sufficient

information, but which may become available during the course of litigation.

WHEREFORE, the Defendant, InTown Suites, requests that: the Court

dismiss Plaintiff's Complaint; award Defendant its costs incurred in defense of this

action; it's reasonable attorney's fees; and all other relief to which it is properly entitled.

Respectfully submitted,

*Demetrius O. Holloway*

Demetrius O. Holloway
Rebecca E. Weis
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone:   (502) 587-3400
COUNSEL FOR DEFENDANT, INTOWN
LESSEE SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER was served by United States First Class Mail, postage prepaid, on this 31st day of July, 2013 upon:

Garry R. Adams
Daniel J. Canon
Clay Daniel Walton Adams, PLC
Meidinger Tower, Suite 101
462 South Fourth Street
Louisville, Kentucky 40202

*Demetrius O. Holloway*

Demetrius O. Holloway

932653:2:LOUISVILLE                                  -7-